IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JANITA LYNN MEPHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-046 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Janita Lynn Mepham appeals the decision of the Acting Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I. BACKGROUND**

Plaintiff is a female, fifty-two years of age, with an eleventh grade education and work experience as a cook, deli assistant, and telemarketer. Tr. ("R."), pp. 106, 300, 304. Plaintiff applied for SSI and DIB on January 15, 2009, alleging a disability onset date of January 9, 2009. R. 222-232. The Social Security Administration denied Plaintiff's application initially

and on reconsideration. R. 118-25, 127-132. Plaintiff then requested a hearing before an ALJ, and the ALJ held a hearing on February 24, 2011. R. 43-73. Represented by counsel, Plaintiff appeared and testified at the hearing. The ALJ then issued an unfavorable decision dated May 27, 2011, in which he determined Plaintiff had several severe impairments, but did not meet or equal a listed impairment. R. 100-107.

Plaintiff then requested that the Appeals Council ("AC") review the ALJ's decision, and the AC vacated and remanded for further proceedings. R. 113-116. On remand, the ALJ held a second hearing. R. 75-91. In a second opinion, dated September 18, 2013, the ALJ determined Plaintiff was not disabled. R. 21-36. Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since January 9, 2009, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has the following severe impairments: radiating spinal pain/lumbago and obesity (20 C.F.R. § 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant is capable of performing past relevant work as a telemarketer/telephone solicitor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

R. 23-35.

When the AC denied Plaintiff's request for review of the second ALJ decision, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C.

§ 405(g). Having failed to convince the AC to review her case a second time, Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ did not comply with the AC's remand order. See doc. no. 14, pp. 8-13 ("Pl.'s Br."). The Commissioner maintains the administrative decision is supported by substantial evidence and the ALJ "substantially complied" with the AC's remand order. See doc. no. 15 ("Comm'r's Br.").

## II. DISCUSSION

### A. Standard of Review

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894

3

F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### B. The AC's Remand Order.

Upon review of the ALJ's first opinion, the AC concluded the ALJ failed to: (1) evaluate the claimant's subjective complaints; (2) cite sufficient clinical findings indicating Plaintiff's osteoarthritis and obesity were severe; (3) evaluate Plaintiff's obesity pursuant to Social Security Ruling 02-1p; (4) evaluate the inconsistencies found in consultative examiner Dr. Kush Kumar's opinion; (5) evaluate all of Plaintiff's alleged impairments including substance abuse and headaches; (6) examine Plaintiff's school records; (7) clarify when Plaintiff allegedly fell; (8) give Plaintiff and her attorney proper notice of all the issues involved in Plaintiff's case, including the issue of substance abuse; (9) and obtain evidence

4

from a vocational expert. R. 113-14. In light of these multiple errors, the AC listed eleven things that the ALJ "will" do on remand:

1. Enter all relevant evidence and documents into the record, including properly identifying all relevant evidence and documents as well as including them on the List of Exhibits (see HALLEX I-2-1-15 through I-2-1-20).

2. Give the claimant and her attorney proper notice of the issues involved in the claimant's case, including the issue of substance abuse (20 CFR 404.946 and 416.1446).

3. Obtain updated treatment and examination records, if any; obtain, if available, medical source statements from the claimant's treating sources; and recontact treating and examining sources for clarification of their opinions prior to rejecting them in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 404.1512-1513 and 416.912-913). The Administrative Law Judge also will obtain, with the assistance of the claimant's attorney, the claimant's relevant school records from her school(s).

4. Clarify the author of the evidence in Exhibit 8F.

5. If necessary, obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments and their impact on her ability to perform work-related activities, including whether the impairments meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1527(f) and 416.927(f) and Social Security Ruling 96-6p).

6. Clarify whether the claimant was in special education and her ability to read and write.

7. Further evaluate the claimant's subjective complaints, including her relevant testimony and statements as well as the third party statements (Exhibit 12E), and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529 and 416.929 and Social Security Ruling 96-p).

5

8. Evaluate all the claimant's impairments and provide appropriate rationale (20 CFR 404.1520 and 416.920; Public Law 104-121; and Social Security Ruling 02-1p).

9. Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the treating and examining source opinions pursuant to the provisions of 20 CFR 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-5p, nonexamining source opinions in accordance with the provisions of 20 CFR 404.1527(f) and 416.927(f) and Social Security Ruling 96-6p, and other source opinions pursuant to Social Security Ruling 06-03p, and explain the weight given to such opinion evidence.

10. Obtain additional information regarding the claimant's work activity for the past relevant 15-year period; further evaluate the past relevant work; and provide appropriate rationale.

11. If warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect the claimant's assessed limitations and other vocational factors have on her ability to perform other jobs existing in significant numbers in the national economy. The vocational expert will be asked to give the incidence of such jobs locally, regionally, and/or national based on the specific capacity/limitations established by the record as a whole (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence, the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

R. 115-16.

Plaintiff argues the ALJ erred as a matter of law because he failed to comply with the AC's remand order. Specifically, Plaintiff claims the ALJ failed to: (1) give Plaintiff and her attorney proper notice of the issues involved in Plaintiff's case, including the issue of substance abuse; (2) obtain medical source statements from the claimant's treating sources

and to recontact treating and examining sources for clarification of their opinions; (3) clarify the author of the evidence in exhibit 8F; (4) obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments; (5) evaluate third party statements in exhibit 12E; (6) evaluate the opinions of the consultative physicians; and (7) obtain evidence from a vocational expert. Pl.'s Br., pp. 10-12. The Commissioner responds with the contention there was "substantial compliance" by the ALJ and appears to suggest that any actions not taken by the ALJ amounted to harmless error. Comm'r's Br., pp. 4-16.

### C. The ALJ Failed to Comply With the AC's Remand Order.

When a case is remanded by the AC to the ALJ, "[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b) & 416.1477(b) (emphasis added). Failing to follow the terms of the remand order is a legal error that requires this Court to remand the case to the Commissioner. Apone v. Comm'r, Soc. Sec. Admin., 435 F. App'x 864, 865 (11th Cir. 2011); Ross v. Comm'r of Soc. Sec., No. 6:12-cv-959-Orl-22GJK, 2013 WL 5236680, at *2-3 (M.D. Fla. Sept. 17, 2013); Dunbar v. Comm'r of Soc. Sec., CV 104-114, doc. no. 15 (S.D. Ga. Sept. 26, 2006) (Bowen, J.). A survey of cases addressing an ALJ's compliance with remand orders finds courts look to some specific command by the AC, and whether or not the command was accomplished. Warren-Ward v. Astrue, No. CIVA 1:07CV811-TFM, 2008 WL 2397390, at *3 (M.D. Ala. June 10, 2008); Summerall v. Astrue, 2008 WL 1819576, *5 (M.D. Fla. Mar. 14, 2008); Tauber v. Barnhart, 438 F. Supp.2d 1366, 1375-76 (N.D. Ga. 2006). An ALJ's failure to specifically comply with an imperative within an AC's remand order requires reversal. See Warren-Ward, 2008 WL 2397390 at *3.

7

In its remand order, the AC explicitly noted the ALJ failed to address inconsistencies within consultative examiner Dr. Kush Kumar's opinion. R. 114. On March 23, 2011, Dr. Kumar examined Plaintiff and noted Plaintiff used a Rolator when entering the office. R. 427. Dr. Kumar noted Plaintiff could get on and off the examination table without issue, was able to ambulate without a walking device, and that Plaintiff did not need to use a cane or other walking assistance device. Id. However, in apparent contradiction, Dr. Kumar's medical source statement found that Plaintiff required the use of a cane to ambulate, a cane was medically necessary, and Plaintiff could only ambulate fifteen feet without the use of a cane. R. 432. The ALJ's first opinion failed to resolve these inconsistencies within Dr. Kumar's opinion, and accordingly the AC's remand order required the ALJ to "recontact treating and examining sources for clarification of their opinions prior to rejecting them in order to complete the administrative record . . . give further consideration to the claimant's maximum residual functional capacity . . . [i]n so doing, evaluate the treating and examining source opinions pursuant to the provisions of 20 CFR 404.1527 . . . ." R. 114-115.

Plaintiff asserts the ALJ failed to resolve inconsistencies within Dr. Kumar's opinion, and failed to recontact Dr. Kumar for clarification of his opinion. Pl.'s Br. 10. The Commissioner admits the ALJ "did not or was unable to recontact Dr. Kumar in order to clarify his conflicting opinion." Comm'r's Br. 8. However, the Commissioner argues the AC's intent was achieved when the ALJ ordered a new consultative examination. Id. The Court disagrees.

In the ALJ's second opinion, the ALJ assigned great weight to Dr. Kumar's findings. R. 35. However, as the Commissioner admits, there is no evidence the ALJ followed the AC's imperative and recontacted Dr. Kumar in order to resolve inconsistencies within Dr.

Kumar's opinion. Comm'r's. Br. 8. Indeed, instead of recontacting Dr. Kumar for clarification of his opinion, it appears the ALJ merely attempted to explain away the inconsistencies by reinterpreting Dr. Kumar's findings. See R. 26-27. The ALJ attempts to clarify the inconsistencies by asserting Plaintiff does not require an assistive device to ambulate because Dr. Kumar did not identify any particular medical or clinical findings suggesting that an assistive device was medically required. R. 26. As explained below, the ALJ's findings as to Dr. Kumar's opinion are in error for three reasons.

First, by failing to recontact Dr. Kumar to resolve inconsistencies within his opinion, the ALJ erred. As explained *supra*, an ALJ's failure to explicitly follow a directive by the AC constitutes legal error requiring remand. See Apone, 435 F. App'x at 865. Here, the AC ordered the ALJ to "recontact treating and examining sources for clarification of their opinions . . . in order to complete the administrative record. . . ." R. 114. The ALJ's failure to follow the AC's remand order has resulted in an incomplete record, and a remand is required. See Tauber, 438 F.Supp.2d at 1375-76 (finding direction from AC that ALJ "will further develop the record" . . . [and] specifically consider area identified as deficient in original opinion, and failure to do so is reversible error).

Second, an ALJ "may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional." Marbury v. Sullivan, 957 F.2d 837, 840-41 (11th Cir. 1992); see also Wild v. Astrue, 581 F.Supp.2d 1155, 1161 (N.D. Ala. 2008) (finding error for ALJ to substitute his judgment for that of health care professional). The ALJ's attempt to resolve inconsistencies within Dr. Kumar's opinion without consulting Dr. Kumar has resulted in the ALJ's improper substitution of the ALJ's own intuition. See R. 26-27. Dr. Kumar is the only individual capable of resolving inconsistencies within his medical opinion.

9

Finally, the ALJ's analysis of Dr. Kumar's opinion is contradicted by Dr. Kumar's findings. R. 34. As explained *surpa*, in a musculoskeletal examination Dr. Kumar found Plaintiff did not require a cane and could ambulate without a walking assistive device. Yet, in his medical source statement, Dr. Kumar explicitly found Plaintiff required the use of a cane to ambulate and the use of a cane was medically necessary. Compare R. 427 with R. 432. In assigning Dr. Kumar's opinion great weight, the ALJ noted that Dr. Kumar found an assistive device was not medically required. R. 34. This is in direct contradiction to Dr. Kumar's own finding that Plaintiff's use of a cane was "medically necessary." R. 432. In any event, the ALJ's decision to accept one aspect of Dr. Kumar's opinion and to disregard other contrary parts of the opinion has resulted in a flawed analysis. "It is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence." McCruter, 791 F.2d at 1548.

Because the Court cannot conclude that the ALJ "adequately complied" with the AC's remand order, a remand is warranted. The Court need not reach Plaintiff's remaining contentions. Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with

this opinion.

SO REPORTED and RECOMMENDED this 6th day of July, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA