IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JANITA LYNN MEPHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-046 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**O R D E R**
_____

On August 1, 2016, United States District Judge Dudley H. Bowen, Jr., granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) in the above-captioned Social Security appeal, and a judgment was entered in Plaintiff's favor. (Doc. nos. 21, 22.) Plaintiff now moves for $2,445.86 in attorney's fees and $20.85 in expenses under the Equal Access to Justice Act ("EAJA"). (Doc. no. 23.) The Commissioner does not dispute the amount of attorney's fees, requests the Court order any EAJA fees be made payable to Plaintiff rather than to her counsel, and asks the Court to specify that any award for service of the summons and complaint be awarded as a cost, not an expense. (Doc. no. 25, p. 1.) The Commissioner also disputes the validity of Plaintiff's purported assignment of her EAJA fees to her attorney under the Anti-Assignment Act ("AAA"). (Id. at 2.)

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the

"plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has been followed in this District. See Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court will make no comment on the applicability of the AAA, the validity of the assignment, or the manner in which the EAJA award is to be paid. Case law is clear this award belongs to Plaintiff and is subject to offset by any debt Plaintiff owes to the United States. Accordingly, the Court **GRANTS** Plaintiff's motion, (doc. no. 23), and awards attorney's fees in the amount of $2,445.86, and costs in the amount of $20.85, but for the reasons discussed above, the Court will not direct the manner in which the EAJA award is to be paid.

SO ORDERED this 20th day of October, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA